**UNITED STATES BANKRUPTCY COURT**

**MIDDLE DISTRICT LOUISIANA**

| | | |
|---|---|---|
| In re | : | NO: 24-10901 |
| | : | |
| MAGNOLIA TRACE APTS LLC, | : | CHAPTER 11 |
| | : | |
| Debtor. | : | |
| | : | |

**MOTION OF LENDER COPPER AND MAGNOLIA PROPERTY OWNER, LLC FOR (I) AN EMERGENCY ORDER (A) SCHEDULING A HEARING ON SHORTENED NOTICE ON LENDER'S MOTION FOR AN ORDER DISMISSING DEBTOR'S CASE WITH PREJUDICE PURSUANT TO 11 U.S.C. § 1112(B), AND (B) EXCUSING THE PRE-PETITION KEEPER'S COMPLIANCE WITH 11 U.S.C. §§ 543(A) AND (B) PURSUANT TO 11 U.S.C. § 543(D) PENDING THE HEARING ON DISMISSAL; AND (II) AN ORDER (A) DISMISSING DEBTOR'S CASE WITH PREJUDICE FOR, AMONG OTHER REASONS, THE PURPORTED PRINCIPAL'S LACK OF AUTHORITY TO FILE THE PETITION; AND (B) IMPOSING SANCTIONS AGAINST DEBTOR'S PURPORTED PRINCIPAL AND, IF APPROPRIATE, DEBTOR'S COUNSEL, FOR COMMENCING THIS CASE WITHOUT PROPER AUTHORITY**

**NOW INTO COURT**, through undersigned counsel, comes Copper and Magnolia Property Owner LLC ("Lender"), a Secured Creditor, who respectfully moves (the "Motion")  this Court (a) for the dismissal of the current Chapter 11 Bankruptcy filed by debtor, Magnolia Trace Apts LLC ("Debtor"), (b) for the imposition of sanctions against Debtor's purported principal, and if appropriate, against Debtor's Counsel, and/or Debtor's referring counsel, for filing this Bankruptcy in bad faith and without proper authority, and (c) that Rampart/Wurth Holding, Inc. dba Rampart Multifamily Management ("Rampart"), the state-court-appointed keeper of certain property of Debtor, be excused from turning over Debtor's property for the following reasons, all of which are more fully set forth in the accompanying Memorandum in Support of this Motion:

## PRELIMINARY MATTERS

1. October 16, 2024, nine (9) minutes prior to the scheduled sheriff's sale of Debtor's sole asset, Debtor filed a barebones voluntary petition for relief under chapter 11 of Title 11 of the United States Code.

2. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.

3. Venue of Debtor's case may be technically proper in this judicial district pursuant to 28 U.S.C. § 1409.

4. Debtor's petition for relief identifies Debtor as a "Single Asset Real Estate." (R. Doc. 1, p.2.).

5. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (O).

6. No official committee of unsecured creditors, trustee, or examiner, has been appointed in this case.

## FACTUAL BACKGROUND

7. On or about July 15, 2024, Lender commenced an executory process foreclosure action against Debtor) and Magnolia Trace Apts LLC (together with Debtor, the "Borrowers") in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana (the "Foreclosure Action"). A copy of the Foreclosure Action petition is attached hereto as **Exhibit 3**. In the Foreclosure Action, Lender requested an order for the seizure and sale of real property located at: (i) 11585 Harrells Ferry Road, Baton Rouge, Louisiana (the "Magnolia Trace Property"); and (ii) 2080 Lobdell Boulevard, Baton Rouge, Louisiana (the "Copper Ridge Property" together with the Magnolia Trace Property, and as defined above, the "Properties") and for the appointment of Rampart, as the keeper of the Properties.

- 3 -

8. The Magnolia Trace Property is a multi-family residential property and Debtor's sole asset. As further described in Exhibit 3, the Properties and all leases, rents and other proceeds from the Properties are mortgaged, pledged, and assigned to Lender to secure Debtor's outstanding obligations to Lender. Debtor currently owes Lender more than $23.5 million. The appraised value of the Properties is significantly lower than the amounts owed to Lender.

9. The state court signed an order for executory process in the Foreclosure Action dated July 24, 2024, which appoints Rampart as Keeper for the Properties, and directs the East Baton Rouge Parish Sheriff to seize and to sell the Properties to pay the outstanding debt owed to Lender, a true and correct copy of which is attached hereto as **Exhibit 4.**

10. When Rampart initially arrived at the Properties, they were in disrepair and presented with exceedingly high vacancy rates.

11. The Properties were set for sale on the October 16, 2024, at 10:00 a.m. Minutes before the sheriff's sale commenced, Borrowers filed petitions for relief under Chapter 11 of the Bankruptcy Code without proper authority to do so. As a result of the improper filings, the scheduled sheriff's sale was cancelled.

12. As detailed in the attached Memorandum, Debtor and/or Debtor's purported principals engaged in a bad faith scheme to stop the sheriff's auction of the Properties. The scheme involved, among other things: (i) the purported appointment of a proxy, Elizabeth LaPuma ("LaPuma"), to exercise authority over the Borrowers and their managing members in violation of the applicable operating agreements; (ii) the hiring of a so-called "Independent Fiduciary" (LaPuma) and an asset management company (Lynd Management Group LLC and its subsidiary LAGSP LLC (collectively, "Lynd Management")) to control the Borrowers and their managing members; (iii) repeated and improper demands by LaPuma and Lynd Management to the

Independent Manager, Kristine Eppes ("Eppes") to authorize initiation of bankruptcy proceedings on behalf of the Borrowers on the eve of the sheriff's auction of the Properties; (iv) the purported and wrongful termination of the Independent Manager (Eppes) on the morning of the auction when she rejected—after consultation with her counsel and evaluation of her fiduciary duties—LaPuma's and Lynd Management's demands to approve the bankruptcy filings; (v) the simultaneous and improper installation by LaPuma of a fundamentally conflicted officer of Lynd Management, Justin Utz ("Utz"), as the purported "Independent Manager" of the Borrowers; and (vi) the purported authorization by Utz and LaPuma and the filing of improper and bad-faith bankruptcy petitions by the Borrowers minutes before the Properties were scheduled to be auctioned by the sheriff.

13. Under Section 1112(b) of Title 11 of the United States Code, the filing of a Chapter 11 Bankruptcy is required to be in good faith. Debtor's Chapter 11 case must be dismissed as Debtor's petition for bankruptcy was filed without the proper authority to do so. As an alternative independent basis, Debtor's Chapter 11 case must be dismissed as Debtor filed it in bad faith.

14. Further, given the egregious nature of Debtor's bad faith filings without proper legal authority, sanctions should be imposed against LaPuma, Debtor's purported principal who signed the voluntary petition for Lender's costs and expenses incurred in connection with this Motion practice. Also, in the event that Debtor's Counsel, or Debtor's referring counsel, cannot demonstrate that it conducted appropriate due diligence in connection with assessing legal authority, it should be found jointly and severally liable with LaPuma for Lender's costs and expenses.

- 5 -

15. Rampart has continued to act as the Keeper for the Properties post-petition, including managing the Properties, receiving rent payments from tenants, and paying necessary expenses.

16. Rampart, as state court appointed keeper of Debtor's sole asset should be excused from the requirements of sections 543(a) and (b) of the Bankruptcy Code and be permitted to remain in possession and continue to collect rents on the Magnolia Trace Property pending the outcome of the Motion. Pursuant to 11 U.S.C. § 534(d)(1), a bankruptcy court may excuse a custodian, such as the court-appointed Keeper, from its obligations to turn over property of a debtor "if the interests of creditors … would be better served by permitted a custodian to continue in possession, custody, or control of such property…." The current Keeper is in the best position to continue managing the Magnolia Trace Property.

17. In support of this Motion, Lender offers a Memorandum in Support which is adopted fully herein by reference, together with the following exhibits:

| Exhibit | Description |
|---|---|
| **Exhibit 1** | Proposed Emergency Order |
| **Exhibit 2** | Proposed Dismissal and Sanctions Order |
| **Exhibit 3** | Lender's Verified Petition for Executory Process filed in the Foreclosure Action |
| **Exhibit 4** | Foreclosure Order |
| **Exhibit 5** | Loan Agreement |
| **Exhibit 6** | Affidavit of Amounts due to Lender as of October 15, 2024 |
| **Exhibit 7** | Appraisals of Properties |
| **Exhibit 8** | Operating Agreement of Copper Ridge Apts LLC |
| **Exhibit 9** | Operating Agreement of Magnolia Trace Apts LLC |
| **Exhibit 10** | Operating Agreement of Copper Ridge Apts MM LLC |
| **Exhibit 11** | Operating Agreement of Magnolia Trace Apts MM LLC |
| **Exhibit 12** | Forbearance Agreement |
| **Exhibit 13** | Asset Management Agreement with Copper Ridge Apts LLC |
| **Exhibit 14** | Asset Management Agreement with Magnolia Trace Apts LLC |
| **Exhibit 15** | Irrevocable Proxy and Agreement Copper Ridge Apts MM LLC |
| **Exhibit 16** | Irrevocable Proxy and Agreement Magnolia Trace Apts MM LLC |
| **Exhibit 17** | Written Consent for Copper Ridge Apts MM LLC |
| **Exhibit 18** | Written Consent for Magnolia Trace Apts MM LLC |

| Exhibit | Description |
|---|---|
| **Exhibit 19** | Letters to Kristine Eppes of Termination as Independent Manager |
| **Exhibit 20** | Unanimous Action of Managers of Copper Ridge Apts LLC |
| **Exhibit 21** | Unanimous Action of Managers of Magnolia Trace Apts LLC |
| **Exhibit 22** | Demand Letter to Debtor Regarding Notice of Revocation of License to Collect Rents |

**WHEREFORE,** Secured Creditor, Copper and Magnolia Property Owner LLC, prays that after due proceedings this Motion be granted and that this Court issue the following orders:

(I) An emergency order in substantially the same form as that annexed hereto as **Exhibit 1**:

  a. Scheduling a hearing (the "Hearing") on shortened notice on Lender's Motion for an order dismissing the Chapter 11 case of Magnolia Trace Apts LLC, the above-captioned debtor with prejudice pursuant to 11 U.S.C. § 1112(b); and

  b. Excusing Rampart/Wurth Holding, Inc. dba Rampart Multifamily Management, the keeper charged with the power and authority to manage, oversee, and operate Debtor's real property pursuant to that order, dated July 24, 2024, of the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, from compliance with the provisions of 11 U.S.C. §§ 543(a) and (b) pending the Hearing pursuant to 11 U.S.C. § 543(d); plus

(II) An order following the Hearing in substantially the same form as that annexed hereto as **Exhibit 2**:

  a. Dismissing Debtor's Chapter 11 case with prejudice; and

  b. Imposing sanctions against Elizabeth LaPuma, Debtor's purported principal who signed the voluntary petition and, if appropriate, The Steffes Firm, LLC, Debtor's legal counsel and/or referring counsel in this Chapter 11 case, for

- 7 -

commencing this case without legal authority and for failing to conduct adequate due diligence.

Respectfully submitted,

**TAYLOR, PORTER, BROOKS & PHILLIPS L.L.P.**

By *s/ Cameron A. Murray* _____
Brett P. Furr, Bar # 17572
Cameron A. Murray, Bar # 40467
450 Laurel Street, 8th Floor (70801)
P.O. Box 2471
Baton Rouge, LA 70821-2471
Telephone:   (225) 387-3221
Facsimile:   (225) 346-8049

**Attorneys for Copper and Magnolia Property Owner LLC**